No. 256

SCHWARTZ et al v. CARLISLE TP. BD. OF ED.

Ohio Appeals, 9th Dist., Lorain County

No. 268.    Oct. 23, 1923

1065.  SCHOOLS AND SCHOOLHOUSES— Order of chief of division of factory inspection prohibiting use of schoolhouse held not order of department of industrial relations, hence, injunction lies against issue of bonds by board of education as not being founded on proper order.

WASHBURN, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Action in the Common Pleas by plaintiffs, who were tax payers and residents of Carlisle Township Rural School District, to enjoin the issuance and sale of bonds of said District by the Board of Education    The Board, by resolution, determined to issue the bonds to provide funds for two new school buildings and it levied a tax upon the property of the district for payment of said bonds. The Board's right to do this depended upon 7630-1 GC., which, at the time the Board acted (June 25, 1923), provided that if the "use of any school house or school houses for their intended purpose is prohibited by an order of the Industrial Commission of Ohio or its successor in authority" then the Board could issue bonds, levy a tax and construct a new school house. The order prohibiting the use of the school houses of this district was signed "yours truly, T. P. Kearns, Chief of Division." In deciding an appeal from the Common Pleas the Court of Appeals held:

At the time of the making of the order the authority for making such order had been taken away from the Industrial Commission by act of the Legislature and the power had been given to the Department of Industrial Relations. In this Department there was created the office of Chief of Division of Factory Inspection. Since 154-45 GC. specifically transfers the powers of the Industrial Commission, with reference to inspection and orders concerning school houses, to the Department of Industrial Relations and not to a Chief of Division of the Department, the former and not the latter is the "successor in such authority" mentioned in 7630-1 GC. Such an order as that issued in this case to be lawful and enforceable must be, and must purport to be, the act of the Department, not that of a Chief of Division. Injunction allowed.

This judgment being in apparent conflict with a judgment of the Court of Appeals of the Third District, the record of this case is certified to the Supreme Court for review and final determination.

Attorneys — H. A. Pounds, Elyria, for Schwartz; Webber & Symons, Fauver & Cheney, Elyria, for Board.